**AULAVA SAUNI, Claimant,**

**v.**

**MEMBERS OF THE PELEAFEI FAMILY, SALANOA SEFO,
CHRISTINA TAAGA, MOEFU SIFOA and
MEMBERS OF THE SALANOA FAMILY, Objectors.**

High Court of American Samoa
Land and Titles Division

LT No. 33-02

December 13, 2004

Before KRUSE, Chief Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Aulava, Arthur Ripley, Jr.,
       For Peleafei Family, Tauivi Tuinei
       For Salanoa Family, Marie A. Lafaele

ORDER DENYING MOTIONS FOR NEW
TRIAL/RECONSIDERATION AND TO STAY

On August 20, 2004, we issued our Opinion and Order in this matter concluding that the land area offered by claimant Aulava Sauni for registration to the Aulava family is communal property of the Aulava family and shall be registered as such by the Territorial Registrar. On

August 30, 2004, within ten days of this court's opinion, objectors, Salanoa Sefo, Christina Taaga, Moefu Sifoa, and members of the Salanoa family ("Objectors"), filed both a motion for stay of proceedings to enforce a judgment, and a motion for new trial and/or reconsideration. One month later, on September 30, 2004, Objectors submitted a "supplemental" memorandum to their motion for new trial and/or reconsideration.

## Motion for New Trial/Reconsideration

With the present motion, we are faced with both issues of procedure and substance. In determining whether we may consider Objectors' supplemental memorandum, we evaluate first whether a statute which limits court jurisdiction in motions for a new trial to issues raised within 10 days of judgment allows a court to consider supplemental filings submitted after the 10 day period which relate to the original motion. We conclude that it does not. Second, we turn to the substantive issues raised in Objectors' original motion for reconsideration and/or retrial.

Having had the benefit of hearing and upon reviewing the parties' submissions, we deny Objectors' motion.

Pursuant to A.S.C.A. § 43.0802(a) "[b]efore filing a notice of appeal, a motion for a new trial shall be filed within 10 days after the announcement of the judgment or sentence." We have observed that the 10-day time limit to file a motion for a new trial is mandatory and jurisdictional—errors of law not raised within 10 days of judgment or sentence are waived, at least insofar as they concern the right to appeal. *See Rocha v. Rocha*, 20 A.S.R.2d 63, 66 (App. Div. 1992); *American Samoa Gov't v. Falefatu*, 17 A.S.R.2d 114, 119 (Trial Div. 1990). Similarly, the requirement under T.C.R.C.P. 7, that a motion must state "with particularity" the grounds on which it is based, is especially important in a motion for a new trial, one of whose purposes is to avoid unnecessary appeals by alerting the trial court to possible errors or omissions in its opinion. *Kim v. Star-Kist Samoa, Inc.*, 8 A.S.R.2d 146, 150 (App. Div. 1988). Where a motion for reconsideration has been filed after the statutory deadline, the Appellate Division has no jurisdiction to entertain an appeal regardless of any arguments, equitable or otherwise. *See Lualemana v. Asifoa*, 18 A.S.R.2d 49, 54 (Land & Titles Div. 1991).

In the present case, Objectors did file their initial motion for new trial within the 10-day period. They sought, however, to supplement the motion well outside of the 10-day period, with a memorandum submitted a month later. Objectors agree that while raising new legal arguments would be precluded for failure to plead them within the 10 days, they maintain that mere supplementation of arguments that were made in the

original motion filed within the 10 days is appropriate because such supplementation in effect "relates back" to the original timely filed motion. We disagree.

Objectors present an awkward situation. On the one hand, if Objectors are stating that they seek to supplement their original arguments, Objectors are in effect inadvertently conceding that they have failed to comply with T.C.R.C.P. 7 particularity requirements in that the need for supplementation inherently indicates failure to properly set forth their original arguments in the first instance. If this is their proposition, then this court would not only find the submission of the supplemental memorandum inappropriate, but would also have to find that the original timely memorandum filed within the 10-day period would have to be disregarded for failure to comply with T.C.R.C.P. 7.

On the other hand, if Objectors are proposing that their original timely motion does comply with the particularity requirements of T.C.R.C.P. 7, and thus may be considered by this court, then they in turn must be conceding that their "supplemental" motion is not merely a clarification of their earlier motion, but a submission of new legal arguments. Under this latter position, we may still consider the original timely motion, but must disregard the supplemental filing for raising new legal issues after expiration of the statutory period.

We note that we take both the 10-day time limit and the particularity requirements seriously, not only to avoid unnecessary appeals and to alert the trial court to possible errors, as we stated in *Kim*, but also to prevent parties from delaying a court's ability to consider motions for new trial by supplementing earlier timely motions, thereby triggering new periods for the non-moving party to respond. By preventing such supplementation, and requiring strict compliance with particularity requirements of T.C.R.C.P. 7, we ensure the finality in the scope and breadth of issues raised in the timely motion for new trial and therefore promote judicial efficiency in responding to such motions.

In turning to the merits of Objectors' original motion for reconsideration and/or new trial, we observe that a motion for new trial or rehearing in a non jury case should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons. *American Samoa Government v. South Pacific Island Airsystems*, 28 A.S.R.2d 170, 171 (Trial Div. 1995). The burden on the moving party is to show substantial reasons that such relief should be granted. *Id.* Moreover, a motion for a new trial must clearly apprise the trial court of the specific errors being alleged. *In re Matai Title Mulitauaopele*, 17 A.S.R.2d 75, 79 (Land & Titles Div. 1990). A general statement that the court erred as a matter of fact, law, or custom does not fulfill this requirement. *Id.*

258

In considering Objectors' seven objections, we conclude they have not met this burden. With regard to Objectors first, second, and third, objections, we determine that Objectors have not set forth substantial reasons that should lead us to modify our holding. Objectors' first objection contends that we did not weigh the testimony of Salanoa family members when we concluded that with respect to the dispute between the Aulava and Salanoa families, the evidence diverged on the limited issue of whether Fitiaumua Toelei`u worked the land on behalf of the *sa`o* Aulava or the *sa`o* Salanoa. Objectors' second objection similarly maintains that we did not adequately consider Salanoa family testimony, and that of Kilistina Taaga, when we found Aulava's having being born and raised in the village of Lauli`i made him more persuasive in resolving the issue of ownership of the disputed land, and of the identity of Fitiaumua Toelei`u. Objectors' third objection additionally argues that we did not adequately weigh the contrary testimony given by Salanoa family members in our finding that Fitiaumua Toelei`u's former residence and burial on Aulava land, and the burial of two of his children on that land, support the position that Fitiaumua Toelei`u and Taliva`a were on the disputed land under the *pule* of Aulava.

■ All these objections share a common theme. Objectors imply that the only way we could have made our findings as we did was to have disregarded certain witness testimony. Objectors are mistaken in this regard. That we did not find the weight of certain testimony as convincing as Objectors believe it to be does not suggest manifest error on the court's part. Rather, without setting forth substantial factual reasons or legal authority for their proposition, it appears that the gist of Objectors' argument, for these three objections, is simply that they do not agree with our findings, not that those findings were made in error. We did indeed consider the testimony of the Salanoa family, but so too did we balance it against conflicting testimony made by others—and we were more persuaded by the latter. Without more substantive particularized objections, then, as to why, in our role as fact-finder, we should have been persuaded differently, Objectors provide no adequate basis for us to reconsider these issues.

■ We regard Objectors' fourth, fifth, and sixth objections as insufficient for lack of specificity. Objectors' fourth argument challenges our finding that Eseta's *matai* title was offered in contemplation of litigation, stating merely that it was "based on insufficient evidence, against the clear weight of evidence and contrary to justice." Likewise, Objectors' questioning our view that To`oto`o's claim of personal involvement in presenting Eseta to the village council was an admission of criminal activity and that To`oto`o and Moefu Sifoa are not *matai* of the Salanoa family is grounded only on the allegation that it "is based on insufficient evidence, against the clear weight of

evidence and contrary to justice." Because such allegations fail to state with particularity the errors being alleged, Objectors have not set forth substantial reasons upon which we can analyze whether our findings were manifestly inaccurate. Moreover, regardless of the insufficiency of the objection, we direct Objectors to the fact that the *Matai* Registry on record for the village of Lauli`i, *see* Exhibit "2," does not list a To`oto`o Aleki, Moefu Sifoa and Eseta as legally registered *matai* of Lauli`i. Because a *matai* title bestowed contrary to statute cannot be registered or otherwise recognized, not only was our holding supported by the weight of the evidence, but so, too, were we bound as a matter of law to so hold. *See* A.S.C.A. §§ 1.0401-1.0414; *Toilolo v. Poti*, 23 A.S.R.2d 130, 132 (Land & Titles Div. 1003).

▮▮▮▮ Objectors' seventh and final contention argues that the land cannot be registered as the communal property of the Aulava family, because registration is improper where there is a discrepancy between the name of the land on the survey and that given as notice to the public. In response to this allegation, we first note that it is a well settled principle that arguments that could have been made at trial may not be made for the first time either on a motion for new trial or on appeal. *See, e.g., In Re Matai Title Tuaolo*, 28 A.S.R.2d 137, 139 (Lands and Titles Div. 1995). In the present case, we are not aware that Objectors have presented this argument in their written or oral arguments at trial, and therefore conclude they have not validly preserved the issue upon their motion for reconsideration and new trial. Moreover, even were we to consider the issue, the difference between "Muli" and "Moli" may be either regarded as a typographical error, or an error so slight that no additional notice is required or necessary prior to registration.

We conclude that we do not have jurisdiction to consider Objectors' supplemental memorandum to their motion for new trial and/or reconsideration. Having considered Objectors' original timely motion, however, we see no reason to pursue a new trial or modify our prior holdings, and deny their motion accordingly.

## Motion to Stay

▮▮▮▮ Objectors asks that a stay be granted. While the Court may in its discretion grant a stay of execution pending appeal, T.C.R.C.P. 62, that discretion should not be lightly exercised, and a stay should not casually granted but only upon cause shown. *Asifoa v. Faoa*, 17 A.S.R.2d 10, 12 (App. Div. 1990). The moving party must establish: 1) failure to grant the stay would cause irreparable harm; 2) a likelihood of success on appeal; and 3) the public interest would be harmed by not granting the stay. *In re Matai Title Mulitauaopele*, 17 A.S.R. 2d 71, 73 (Land & Titles Div. 1990). Objectors have failed to adequately address these

legal requirements and their motion for stay should not be casually granted. Therefore, the motion to stay will be denied.

It is so ordered.